940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles FRENCH, Plaintiff-Appellant,
Ludye Wallace, Durward Hall, Raymond Thomasson, Maryda
Coldwick, Plaintiffs,
v.
Bill BONER, et al., Defendants,
Metropolitan Government of Nashville, Davidson County,
Tennessee, Defendant-Appellee.
 Nos. 91-5811, 91-5875.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals the District Court's dismissal on grounds of ripeness of his complaint seeking to enjoin the August 1, 1991, election of 35 council members of Metropolitan Nashville, Davidson County, Tennessee, on grounds of malapportionment. The District Court filed its comprehensive opinion and entered its order on June 27, 1991. We expedited briefing and conducted an expedited hearing on July 18, 1991, and announced from the bench our decision declining to enjoin the election but remanding the case for further proceedings.
 
 
 2
 A case is not ripe if its prematurity or the abstractness of the wrongs involved prevent meaningful or effective adjudication. Buckley v. Valeo, 424 U.S. 1 (1976); Young v. Klutznick, 652 F.2d 617 (6th Cir.1981) (holding that claims contesting undercount of minorities in 1980 census not ripe for review). Ripeness is ascertained by determining whether the issues tendered are appropriate for judicial review and the nature of the hardships which will be suffered by the parties if judicial relief is denied. Young, 652 F.2d at 625.
 
 
 3
 In Young, the Court held that, although the 1980 census figures were known, the claims of injury in apportioning legislative and congressional seats in Michigan due to the undercount of minorities was too speculative until the Michigan legislature acted to use, or declined to use, the contested census information.
 
 
 4
 In the case before us, the necessary facts are known as to the August 1, 1991, election. The district lines, drawn according to the 1980 census, are known and are known to be malapportioned according to the 1990 census. The problem is that the Metro government did not receive the 1990 census figures until mid-March leaving insufficient time to reapportion before the August 1 elections, given the procedural requirements for reapportionment under Sec. 18.06 of the city charter and the fact that reapportionment must be completed and district lines established almost 90 days in advance of the election. We conclude therefore that the issue of whether the impending election may be conducted, or must be enjoined, is ripe for decision.
 
 
 5
 Reynolds v. Simms, 377 U.S. 533 (1964), holds that "a State [must have] a reasonably conceived plan for periodic readjustment" of legislative electoral districts. Id. at 583. Reynolds directs that the federal courts should not intervene until a legislature has failed to reapportion constitutionally after it has had adequate opportunity to do so. Id. at 586. In light of the lateness of the census data, given the time needed under the city charter and state election laws for the local government to turn the data into election districts and then conduct an election, the Metropolitan government did not have an adequate opportunity to reapportion for the August 1, 1991, elections. Thus the immediately impending August 1 elections fall within the Reynolds time frame. Plaintiff's request for injunctive relief to enjoin the August 1 election is therefore denied because the conduct of these elections now pursuant to the city charter is not unconstitutional.
 
 
 6
 Our decision does not reach the issues of the constitutionality of the apportionment plan proposed by the Metropolitan Planning Commission under Sec. 18.06 of the charter or any alternative plan that may be enacted under Sec. 18.06 of the charter at the September 5, 1991 referendum, nor the issue of whether Metropolitan Nashville, Davidson County may wait until 1995 to hold the next election of council members once a valid reapportionment plan has been established. These issues have not been decided on the merits by the District Court.
 
 
 7
 Accordingly, we AFFIRM the result reached by Judge Higgins below in refusing to enjoin the August 1, 1991, election, but we vacate the order dismissing the case on grounds of ripeness and REMAND for further consideration of the remaining issues.